UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
LORI SQUILLANTE,

                              Plaintiff,                **COMPLAINT**

            -against-

                                              **JURY TRIAL DEMANDED**

NORTHWELL HEALTH;

                            Defendant.
--------------------------------------------------------------------X

## JURISDICTION AND VENUE

1) This action arises under A.D.A. 42 U.S.C. § 12101 et. seq. (the "Americans with Disabilities Act" or "A.D.A.").

2) This Court has jurisdiction under 28 U.S.C. §1331, Federal question, and Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear claims so related under NYSHRL §296.

3) The venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 as the Defendant conducts business there and a substantial part of the events giving rise to the cause of action arose there.

## THE PARTIES

4) Plaintiff Lori Squillante ("Squillante") or ("Plaintiff") resides at 621 Providence Drive, Islip Terrace, NY, 11752.

5) Defendant Northwell Health ("Northwell Health") or ("Defendant") is a health care provider located at 180 E Main Street 1st floor, Bay Shore, NY 11706.

## BACKGROUND FACTS

6) The address at which Plaintiff Squillante was employed or sought employment by the Defendant is 180 E Main Street 1st floor, Bay Shore, NY 11706.

7) Defendant is the New York's largest healthcare provider, serving at N.Y.C., Long Island and Westchester.

8) Defendant employs more than 15 employees in the State of New York.

9) Plaintiff is a member of a protected class as she was diagnosed with breast cancer, as stated

1

below, and therefore was disabled under the definition of disability as defined in the A.D.A., and the NYSHRL.

10) During any time period whatsoever between September 2014 through November 2, 2021, Defendant had the ability to perform one or more of the following actions: (1) hire Plaintiff, (2) terminate the employment of certain employees of Northwell Health, including Plaintiff, (3) set the wage rates of certain employees of Northwell Health, (4) maintain payroll records for certain employees of Northwell Health, or (5) institute work rules for certain employees of Northwell Health.

11) From September 2014 through November 2, 2021, Defendant employed Plaintiff as a W-2 wage earner.

12) While working for Defendant, Plaintiff worked as an administrative support assistant.

13) In 2017, Plaintiff discovered that she had metastatic breast cancer. Due to her diagnosis, she had both her breasts removed.

14) Plaintiff's manager, Donna Prince, made numerous egregious discriminatory remarks toward Ms. Squillante.

15) On one occasion, Ms. Squillante went into her manager's office to get a lavender spray bottle. When in the office, Donna Prince told Ms. Squillante, "There you go, stick it into your bra." She was aware that Ms. Squillante had both breasts removed, started laughing, and said, "Oh, I always forget."

16) Ms. Squillante also has lymphedema because when her breasts were removed, they had to remove some lymph nodes, so her arm is very swollen. She explained this situation to her manager because she was embarrassed that patients were always asking about it. Donna told her to put a note on her window and then laughed.

17) Although Donna Prince knew Ms. Squillante had a swollen arm as a result of her breast cancer, nonetheless she told Ms. Squillante that her arm looked like a "pig's foot."

18) In addition to making discriminatory remarks, Defendant interfered with Ms. Squillante's cancer treatment. For example, Ms. Prince would restrict Ms. Squillante's ability to go to her doctor's appointments, and would constantly tell Plaintiff that her health condition, and her need to attend medical treatment, were negatively impacting the medical practice.

19) Defendant told Ms. Squillante that her illness was causing problems with the operation of the medical practice, and as a result Defendant made it extremely difficult for Plaintiff to take time off in order to treat Plaintiff's stage four cancer.

20) Defendant terminated Ms. Squillante on November 2, 2021, for allegedly breaking a company policy.

21) The termination occurred after Ms. Squillante asked a coworker to look on the radiology site to see if her own P.E.T. scan had been read. When the office manager heard, she told Ms.

Squillante that they were not allowed to have coworkers access the Defendant's internal system to check on another's medical records.

22) It is not a HIPA violation for medical personnel to look at their own chart at work.

23) It is in fact a HIPA violation to look at the chart of a family member while at work, even with prior verbal authorization.

24) Defendant fired Ms. Squillante two days later for trying to look at her own medical chart, however, her coworker is still employed.

25) Ms. Squillante' s coworker committed the infraction.

26) The management personnel in Plaintiff's department had an informal policy and practice of allowing their employees access to Northwell's internal system in order to look at the charts of close family, or their own medical charts.

27) This policy and practice was done not only engaged in by Northwell's management, but by administrative personnel.

28) Ms. Squillante was treated differently than her similarly situated colleagues as the office manager, Donna Prince, asked Ms. Squillante to look for her son's chart on the company system to see his pathology report. Donna Prince was not reprimanded, disciplined, or even spoken to about this infraction, despite it being a clear violation of HIPA.

29) Defendant terminated Ms. Squillante in a discriminatory manner as the personnel within her office had a policy and practice of accessing Northwell's internal system to look for their own reports, or the reports of family members, yet only Plaintiff was fired for attempting to look up her own report.

30) In fact, approximately one month prior to Defendant terminating Ms. Squillante, Donna Prince instructed Ms. Squillante to access the Defendant's computer system to access Donna Prince's Son's medical chart and print his pathology report so that Donna Prince could show it to Dr. Kleiner

31) On information and belief, Defendant fired Ms. Squillante because of her disability and used the pretext of having a coworker review her own PET scan report as grounds for her termination.

32) On December 15, 2022, Plaintiff received a right-to-sue notice from the EEOC.

## FIRST CAUSE OF ACTION
(Disability Discrimination-Federal)
(Americans with Disabilities Act)
42 U.S.C §12101

33) Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

34) The provisions of 42 U.S.C §12101 covered Defendant and protected Plaintiff.

35) Defendant is an "employer" as defined under the A.D.A.

36) Under §12101, it is unlawful for an employer, such as Defendant, to discriminate against an individual based on their disability, such as the disability possessed by Plaintiff. §12101 further requires that an employer, such as Defendant, accommodate an employee, like Plaintiff, to continue performing her job duties.

37) Specifically, Defendant had a legal duty to engage in an interactive process with Plaintiff and accommodate Plaintiff Squillante to ensure that she could attend her medical appointments and keep working.

38) Instead, Defendant discriminated against Plaintiff based on her disability when they told Plaintiff her illness was impacting the medical practice and prevented Plaintiff from attending said appointments.

39) Moreover, Plaintiff was subject to repeated egregious remarks about her looks as they relate to her cancer diagnosis despite Defendant being aware of Plaintiff's cancer diagnosis.

40) Defendant's termination gives rise to an inference if discrimination as Plaintiff was treated differently that her similarly situated colleagues as she was terminated for engaging in a practice that all employees participated in, yet only Plaintiff was terminated for.

41) As such, Defendant violated 42 U.S.C §12101 and is liable for lost wages, emotional distress damages, attorney fees, and reasonable expenses.

## SECOND CAUSE OF ACTION
(Disability Discrimination-State)
(N.Y. Exec. Law §296)

42) Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

43) The provisions of N.Y. Executive §296 covered Defendant and protected Plaintiff.

44) Defendant is an "employer" under the definition as stated in §296 of the NYSHRL.

45) Under §296, it is unlawful for an employer such as Defendant to discriminate against an individual based on their disability such as the disability possessed by Plaintiff. §296 further

requires that an employer like Defendant must accommodate an employee, like Plaintiff, so that she may continue performing her job duties.

46) Specifically, Defendant had a legal duty to engage in an interactive process with Plaintiff and accommodate Plaintiff Squillante to ensure that she could attend her medical appointments and keep working.

47) Instead, Defendant discriminated against Plaintiff based on her disability when they told Plaintiff her illness was impacting the medical practice and prevented her from attending said appointments.

48) Moreover, Plaintiff was subject to repeated egregious remarks about her looks as they relate to her cancer diagnosis, despite Defendant being aware of Plaintiff's cancer diagnosis.

49) Defendant's termination gives rise to an inference of discrimination as Plaintiff was treated differently that her similarly situated colleagues as she was terminated for engaging in a practice that all employees participated in, yet only Plaintiff was terminated for

50) As such, Defendant violated NYSHRL §296 and is liable for lost wages, emotional distress damages, attorney fees, and reasonable expenses.

### THIRD CAUSE OF ACTION
(Hostile Work Environment)
(Americans with Disabilities Act)
42  U.S.C §12101

51) Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

52) The provisions of 42 U.S.C §12101 covered Defendant and protected Plaintiff.

53) Under §12101, it is unlawful for an employer such as Defendant to discriminate against an individual based on their disability such as the one possessed by Plaintiff. §12101 further requires that an employer such as Defendant accommodate an employee like Plaintiff to continue performing her job duties.

54) Specifically, Defendant had a legal duty to prevent a workplace that is permeated with discriminatory intimidation.

55) Defendant subjected Plaintiff to a hostile work environment when they made ongoing and unwanted discriminatory remarks against her for having cancer such as calling her arm a "Pigs hoof", making comments about her breasts, not providing her with accommodations to seek medical treatment, and making it difficult for the Complainant to attend her medical appointments.

56) This behavior was sufficiently severe or pervasive as to alter Plaintiff's conditions of employment and created and abusive working environment.

57) Moreover, Plaintiff was terminated under circumstances giving rise to an inference of

discriminatory intent

58) As such, Plaintiff violated 42 U.S.C §12101 and is liable for emotional distress damages, attorney fees, and reasonable expenses.

## FOURTH CAUSE OF ACTION
(Hostile Work Environment-State)
(N.Y. Exec. Law § 296)

59) Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

60) The provisions of N.Y. Exec. Law §296 covered Defendant and protected Plaintiff.

61) Under §296, it is unlawful for an employer such as Defendant to discriminate against an individual based on their disability such as the disability possessed by Plaintiff. §296 further requires that an employer, such as Defendant, accommodate an employee, like Plaintiff, to continue performing her job duties.

62) Specifically, Defendant had a legal duty to duty to prevent a workplace that is permeated with discriminatory intimidation.

63) Defendant subjected Plaintiff to a hostile work environment when they made ongoing and unwanted discriminatory remarks against her for having cancer such as calling her arm a "Pigs hoof", making comments about her breasts, not providing her with accommodations to seek medical treatment, and making it difficult for the Complainant to attend her medical appointments.

64) This behavior was sufficiently severe or pervasive as to alter Plaintiff's conditions of employment and created and abusive working environment.

65) Moreover, Plaintiff was terminated under circumstances giving rise to an inference of discriminatory intent.

66) As such, Defendant violated §296 and is liable for emotional distress damages, attorney fees, and reasonable expenses.

## DEMAND FOR TRIAL BY JURY

67) Pursuant to Rule 38(b) of the Fed. R. Civ. P., Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

WHEREFORE, Plaintiff respectfully prays that this Court enters a judgment:

   i.  Directing Defendant to pay Plaintiff all economic and non-economic damages afforded to her under the Americans with Disabilities Act and the New York State Human Rights Law.

   ii.  Directing Defendant to pay punitive damages under the Americans with Disabilities Act and the  New York State Human Rights Law.

6

iii. Directing Defendant to pay prejudgment interest, post-judgment, interest, costs and disbursements, and other and further relief as this Court deems just and equitable.

iv. Directing Defendant to pay the reasonable attorney fees, costs, and expenses incurred in prosecuting this action.

v. Any other damages to which Plaintiff may be afforded in law or equity as determined by the Court.

Dated:   White Plains, New York
       January 26, 2023

/s/ Jordan El-Hag

By: _____

Jordan El-Hag, Esq.
El-Hag & Associates, P.C.
Attorney for Plaintiff
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 218-6190 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com